IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

    Petitioner,                           No. CIV S-05-0390 MCE JFM P

    vs.

C.D.C.,[1]

    Respondent.                  FINDINGS AND RECOMMENDATIONS

                            /

        Petitioner is a former state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the California Department of Corrections and Rehabilitation (CDCR)[2] failed to properly apply credits awarded against a prison sentence imposed in November 2003. Petitioner paroled from that prison

---

[1] At the time petitioner filed the instant action, he was incarcerated at the California Medical Facility (CMF) in Vacaville, California and the warden of CMF should have been named as respondent in this action. See Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). Failure to name the proper respondent in a habeas corpus action deprives a federal court of personal jurisdiction over the petition. See Smith, at 355. The lack of personal jurisdiction is a defect that may be waived by the state, id. at 357, and respondent has not raised the absence of personal jurisdiction as a ground for dismissal.

[2] The California Department of Corrections and Rehabilitation is identified in the petition by its former appellation, the California Department of Corrections.

1

sentence in April 2004, returned to prison on a parole violation in August 2004, and paroled again in May 2005. (See Answer to Petition for Writ of Habeas Corpus, filed July 11, 2005, at 2.)[3] Respondent contends that (1) the petition does not raise a federal question because petitioner was not in custody on the challenged sentence at the time he filed the petition; (2) petitioner failed to exhaust state court remedies with respect to the claim raised in the instant petition; (3) petitioner has procedurally defaulted his claim by failing to exhaust state court remedies; and (4) petitioner's presentence credits were calculated correctly.

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also, Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).

Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Review of the petition shows that petitioner's claim is entirely grounded in state law and is not, therefore, cognizable in this federal habeas corpus action. Accordingly, this action should be summarily dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be summarily dismissed. See Rule 4, 28 U.S.C. foll. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[3] In the answer, respondent also states that petitioner was arrested in May 2005 on a drug offense, released from custody on that offense, rearrested in June 2005, and released from custody in July 2005. (Answer, at 2.)

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
4 failure to file objections within the specified time may waive the right to appeal the District
5 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: April 4, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
bair0390.157